[No. 20227.   Department One. — September 30, 1886.]

## THE PEOPLE, RESPONDENT, v. HENRY B. McDOW-ELL, APPELLANT.

CRIMINAL LAW — LIBEL — PERSON REFERRED TO IN PUBLICATION — QUESTION FOR JURY. — In a prosecution for libel, the question to whom the alleged libelous publication referred is for the jury, and it is error to permit a witness to testify thereto.

ID. — JURY CANNOT DISREGARD STATUTE — INSTRUCTION. — In such a prosecution, an instruction that the jury might, if they thought fit, ignore the law defining a criminal libel, is erroneous.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The defendant was convicted of a criminal libel for publishing in a newspaper an article reflecting upon the character and conduct of one Andrew J. Clunie. The further facts are stated in the opinion of the court.

*E. B. Holladay*, for Appellant.

*Attorney-General Marshall*, and *J. N. E. Wilson*, for Respondent.

Ross, J. — The defendant is entitled to a new trial. The court below erred in permitting the witness Andrew J. Clunie to be asked and to answer the question: "Please look at page 6 of this paper and state to whom the article contained upon that page under the heading 'Sharks and Humans' (being the article alleged to be libelous) has reference." It was for the jury to say to whom the article referred.

The court below also erred in instructing the jury as it did, in effect, that they might, if they thought proper, ignore the law defining libel. While in actions for criminal libel the jury are to determine the law as well as the facts, they are, of course, not at liberty to determine that

what the statute declares to be a criminal libel is not such.

Judgment and order reversed, and cause remanded for a new trial.

McKINSTRY, J., and MYRICK, J., concurred.